IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BRADLEY A. LAU,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 8:09CV219 |
| vs. | ) | |
| | ) | **FINDINGS AND** |
| **ALDI, INC. (KANSAS), a Kansas corporation,** | ) | **RECOMMENDATION** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and the general order of referral on the plaintiff's unopposed motion (Filing 25) to vacate the orders of December 7 and December 11, 2009 (Filings 22 and 24), and to transfer this action to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).

**PROCEDURAL BACKGROUND**

Plaintiff ("Lau") filed this action on July 2, 2009 pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* On December 7, 2009, this court granted the plaintiff's unopposed motion to conditionally certify the case as a collective action, the class consisting of:

> Each individual employed by Defendant as a manager of any store operated by Defendant and designated as exempt for purposes of the payment of overtime wages at any time from December 18, 2006 to the present.

Plaintiff's motion for approval of the parties' agreed Notice of Collective Action and Consent Form was approved on December 11, 2009.

Another collective action, *McNelley v. Aldi, Inc.*, Case No. 1:09-cv-01868-PAG, was filed in the Northern District of Ohio on August 10, 2009.[1] Like Lau, McNelley alleges that Aldi violated the FLSA by wrongfully classifying him as an exempt employee under the FLSA and failing to pay him overtime wages for hours worked in excess of 40 hours per week. On November 17, 2009, District Judge Patricia A. Gaughan entered an order granting McNelley's motion for conditional certification of the following class:

---

[1] The court has reviewed the *McNelley* court file on PACER.

> All former and current salaried Store Managers employed by ALDI, Inc. nationwide at any time between August 10, 2006 and the present.

The corporate disclosure statement filed by "Aldi, Inc. (Kansas)" (Filing 11) indicates that its parent corporations are "Aldi Inc." and "Hofer KG."

## DISCUSSION

In evaluating a motion to transfer venue, the threshold consideration is whether the action "might have been brought" in the transferee court. *See* 28 U.S.C. § 1404(a). This action may be maintained in any federal court of competent jurisdiction, *see* 29 U.S.C. § 216(b), and could have been brought in any judicial district in which the defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c); *Blake v. Family Dollar Stores, Inc.*, 2007 WL 1795936, Case No. 2:07-cv-361 (S.D. Ohio, June 19, 2007). "Aldi, Inc.," the defendant named in *McNelley,* is a parent corporation to "Aldi, Inc. (Kansas)" and, as evidenced by the McNelley litigation, is subject to personal jurisdiction in the District of Ohio. Thus, I find that this action might have been brought in the Northern District of Ohio.

The class conditionally certified in *McNelley* in November 2009 subsumes the class conditionally certified in this case in December 2009. For this reason, Lau requests that this court vacate its order of December 7 and December 11, 2009 and transfer the case to the Northern District of Ohio or, in the alternative, to stay the case until the *McNelley* case is resolved. The defendant does not oppose a transfer to the Northern District of Ohio.[2]

For these reasons,

**IT IS RECOMMENDED** that the plaintiff's motion (Filing 25) be granted, that the Orders of December 2009 and December 11, 2009 (Filings 22 and 24) be vacated, and that this action be transferred to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).

**DATED February 12, 2010.**

                                      **BY THE COURT:**

                                      s/ F.A. Gossett
                                      **United States Magistrate Judge**

---

[2] Aldi, Inc. has advised Judge Gaughan that it does not plan to oppose a motion to consolidate if this case is transferred to the Northern District of Ohio. *McNelley v. Aldi, Inc.*, Case No. 1:09-cv-01868-PAG, Filing No. 55 (Feb. 12, 2010) (document obtained from PACER).